1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   FORREST RAYMOND KIMERER,

11              Petitioner,                    No. 2:09-cv-1839 GEB KJN P

12         vs.

13   KEN CLARK,

14              Respondent.              FINDINGS AND RECOMMENDATION

15   _____/

16         Petitioner is a state prisoner proceeding without counsel with a petition for writ of

17   habeas corpus pursuant to 28 U.S.C. § 2254.  On January 28, 2010, respondent filed a motion to

18   dismiss the petition as untimely.  Petitioner failed to file a timely opposition.  On April 9, 2010,

19   petitioner was granted an additional fourteen days in which to file an opposition.  Petitioner was

20   also cautioned that failure to file an opposition would result in a recommendation that this action

21   be dismissed.  More than thirty days have passed the April 9 order, and plaintiff has failed to file

22   an opposition.

23         In 1996, petitioner pled guilty to one count of a lewd and lascivious act with a

24   minor, Cal. Penal Code  § 288(b), and a sentencing enhancement was found true pursuant to Cal.

25   Penal Code  § 667.61(b).  (Pet. at 1.)  Petitioner was sentenced to an indeterminate state prison

26   term of fifteen years to life in prison.  (Id.; Resp't Lodged Document ("Lod. Doc.") 1 at 1.)

1    Respondent has moved to dismiss this action as barred by the one-year statute of

2    limitations.  See 28 U.S.C. § 2244(d).

3    On April 24, 1996, the Antiterrorism and Effective Death Penalty Act (AEDPA)

4    was enacted.  Section 2244(d)(1) of Title 8 of the United States Code provides:

5    A 1-year period of limitation shall apply to an application for a writ
     of habeas corpus by a person in custody pursuant to the judgment
6    of a State court.  The limitation period shall run from the latest of –

7    (A) the date on which the judgment became final by the conclusion
     of direct review or the expiration of the time for seeking such
8    review;

9    (B) the date on which the impediment to filing an application
     created by State action in violation of the Constitution or laws of
10   the United States is removed, if the applicant was prevented from
     filing by such State action;

11
     (C) the date on which the constitutional right asserted was initially
12   recognized by the Supreme Court, if the right has been newly
     recognized by the Supreme Court and made retroactively
13   applicable to cases on collateral review; or

14   (D) the date on which the factual predicate of the claim or claims
     presented could have been discovered through the exercise of due
15   diligence.

16   28 U.S.C. § 2244(d)(1).  Section 2244(d)(2) provides that "the time during which a properly filed

17   application for State post-conviction or other collateral review with respect to the pertinent

18   judgment or claim is pending shall not be counted toward" the limitations period.  28 U.S.C.

19   § 2244(d)(2).

20   For purposes of the statute of limitations analysis, the relevant chronology of this

21   case is as follows:

22   1.  Petitioner was convicted pursuant to a guilty plea.  On July 22, 1996, petitioner

23   was sentenced to fifteen years to life in prison.  (Lod. Doc. 1.)  Petitioner did not appeal his

24   conviction or sentence.  (Pet. at 1.)

25   ////

26   ////

1      2.  On June 11, 2007, petitioner filed a petition for writ of habeas corpus in the

2   Yuba County Superior Court.[1]  See Lodged Document No. 2.  That petition was denied by order

3   filed August 7, 2007.  See Lodged Document No. 3.

4      3.  On October 3, 2007,[2] petitioner filed a petition for writ of habeas corpus in the

5   California Court of Appeal for the Third Appellate District.  See Lodged Document No. 4.  That

6   petition was denied by order filed October 18, 2007.  See Lodged Document No. 5.

7      4.  On February 20, 2008, petitioner filed a petition for writ of habeas corpus in

8   the California Supreme Court.[3]  See Lodged Document No. 6.  On July 30, 2008, that petition

9   was denied.  See Lodged Document No. 7.

10      5.  On June 29, 2009, petitioner mailed the instant federal habeas corpus petition,

11   which was filed July 6, 2009.[4]

12      Petitioner's conviction became final on September 20, 1996, when the sixty-day

13   period for filing a direct appeal expired.  See Cal. Rules of Court 8.308 (formerly Rule 30.1).

14   Because September 20, 1996 is a Friday, the AEDPA statute of limitations period began to run

15   the next day, September 21, 1996, Fed. R. Civ. P. 6(a)(1)(c), and expired one year later on

16   September 21, 1997.  Petitioner did not file the instant action until June 29, 2009, more than

17   eleven years and nine months after the limitation period expired.  State habeas petitions filed

18   after the one-year statute of limitations has expired do not revive the statute of limitations and

19

20      [1]  Although petitioner dated the petition June 14, 2007, he failed to sign the petition or the

21   certificate of service.

22      [2]  October 3, 2007, is the date on which petitioner, proceeding without counsel, delivered the
state superior court habeas petition to prison officials for mailing.  See Lod. Doc. No. 4.  Under the

23   mailbox rule, that date is considered the filing date of the petition.  See Stillman v. Lamarque, 319
F.3d 1199, 1201 (9th Cir. 2003).

24      [3]  February 20, 2008 is deemed the filing date of petitioner's federal petition under the

25   mailbox rule.  See footnote 2, supra.  See Lod. Doc. No. 6.

26      [4]  June 29, 2009, is deemed the filing date of petitioner's federal petition under the mailbox
rule.  See footnote 2, supra.

1   have no tolling effect.  See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003); Jimenez v.

2   Rice, 276 F.3d 478, 482 (9th Cir. 2001).  Accordingly, the petition for writ of habeas corpus is

3   untimely unless petitioner is entitled to the benefit of tolling.

4           The United States Supreme Court has held that, "a litigant seeking equitable

5   tolling bears the burden of establishing two elements:  (1) that he has been pursuing his rights

6   diligently, and (2) that some extraordinary circumstance stood in his way."  Pace v. DiGuglielmo,

7   544 U.S. 408, 418 (2005).  See also Lawrence v. Florida, 549 U.S. 327, 328 (2007) (assuming

8   without deciding that equitable tolling applies to § 2244(d)).  The Ninth Circuit has stated that

9   "the purpose of equitable tolling 'is to soften the harsh impact of technical rules which might

10  otherwise prevent a good faith litigant from having a day in court."  Harris v. Carter, 515 F.3d

11  1051, 1055 (9th Cir. 2008).  Nonetheless, equitable tolling of the AEDPA statute of limitations

12  will be unavailable in most cases.  See Corjasso v. Ayers, 278 F.3d 874, 877 (9th Cir.2002);

13  Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir.1999).  Moreover, a habeas petitioner seeking

14  equitable tolling must show that the extraordinary circumstances alleged were the "but for" and

15  proximate cause of the untimely filing of his federal petition.  Bryant v. Ariz. Atty. Gen., 499

16  F.3d 1056, 1061 (9th Cir. 2007); Allen v. Lewis, 255 F.3d 798, 800-01 (9th Cir. 2001).

17          Petitioner failed to complete that portion of the petition that addresses the

18  timeliness of the petition.  (Pet. at 13.)  Petitioner did not raise the issue of equitable tolling in the

19  attachments to the petition form.  (Pet., passim.)  Moreover, petitioner failed to file an opposition

20  to the motion to dismiss.  Petitioner has utterly failed to meet his burden to prove he is entitled to

21  equitable tolling for any portion of the eleven year and nine month delay.  Moreover, given the

22  lengthy delay, it is unlikely that petitioner would be entitled to equitable tolling, particularly

23  under the stringent standards set forth above.  Because petitioner is not entitled to equitable

24  tolling for the entire period, the instant petition is time-barred and must be dismissed.

25          Accordingly, IT IS HEREBY RECOMMENDED that respondent's January 28,

26  2010 motion to dismiss be granted.

1    These findings and recommendations are submitted to the United States District

2  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-

3  one days after being served with these findings and recommendations, any party may file written

4  objections with the court and serve a copy on all parties.  Such a document should be captioned

5  "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

6  objections shall be filed and served within fourteen days after service of the objections.  The

7  parties are advised that failure to file objections within the specified time may waive the right to

8  appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

9  DATED:   May 25, 2010

13            KENDALL J. NEWMAN
              UNITED STATES MAGISTRATE JUDGE

15  kime1839.46fr

5